# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARIA RAMIREZ, | ) | CASE NO.: 5:18CV2140 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Maria Ramirez's to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 19, 2019, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Ramirez's application for benefits. On July 1, 2019, Ramirez objected to the R&R. On July 15, 2019, the Commissioner responded to the objection. The Court now resolves the objection.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.*

In her first objection, Ramirez appears to contend that the R&R improperly evaluated whether the ALJ complied with the treating physician rule. The treating physician rule requires the ALJ to generally give greater deference to the opinions of treating physicians due to the fact that:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). This deference, however, is only appropriate if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). If the ALJ does not afford a treating physician's opinion controlling weight, he must determine how much weight is appropriate by considering a number of relevant factors including; 1) the length of the treatment relationship; 2) the frequency of examination; 3) the nature and extent of the treatment relationship; 4) supportability of the opinion based on the medical record; 5) consistency of the opinion with the record as a whole; and 6) any specialization of the treating physician. *Wilson*, 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

The ALJ must "always give good reasons in [the] notice of determination or decision for the weight" given to the treating source's opinion. 20 C.F.R. § 404.1527(d)(2). The reasons given must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

opinion and the reasons for that weight." Soc. Sec. Rul. 96–2p, 1996, 1996 WL 374188, at *5.

In her objection, Ramirez fails to identify error committed by the R&R. Instead, Ramirez argues that there was substantial evidence in the record to support the limitations opined on by the treating physician. In so doing, Ramirez ignores the reasoning given by the ALJ and the R&R for rejecting those limitations. At various times, the R&R explained the reasoning given for rejection of the treating physician's limitations:

- "The ALJ adequately explained that he discounted Dr. Friedman's opinion because it was inconsistent with her own treatment notes, which indicated that Ramirez had only situational anxiety and depression, did not require specialist care, and made significant progress with medication. Doc. 16 at 33.

- "Here, the extreme limitations in Dr. Friedman's opinion – including her opinions regarding Ramirez's absenteeism and off-task behavior – conflicted with her examination and treatment notes, showing that: (1) Ramirez was able to sit for six to eight hours in an eight-hour workday; (2) she could understand, remember, and carry out short, simple instructions , make simple work-related decisions, and sustain an ordinary routine without special supervision; (3) she had only mild mental limitations; (4) her physical and mental health symptoms improved with medication ; (5) she told Dr. Friedman that she was doing okay in August 2016 and denied having any depression in February 2017; and (6) at the August 30, 2017, examination Dr. Friedman noted that Ramirez was alert, in no accouter distress, had normal heart and lung functions, and had symmetrical reflexes." Doc. 16 at 33-34.

Ramirez wholly fails to address any aspect of this portion of the R&R. Instead, Ramirez simply reiterates that the two-year treatment history by the treating physician should have resulted in more weight being attributed to his opinions. As detailed above, the ALJ and the R&R properly

applied the treating physician rule and gave good reasons for giving less weight to the limitations proposed by the treating physician.

Ramirez next devotes a single paragraph to the treatment of the opinion offered by Dr. Tangeman. The R&R noted that "the subsequent change in the Paragraph B criteria for mental impairment listings, did not preclude the ALJ from relying on Dr. Tangeman's opinion, because: (1) the ALJ acknowledged that the Paragraph B criteria had changed; and (2) assessing whether a claimant meets listing criteria is a matter reserved to the Commissioner." Doc. 16 at 33. The R&R went on to note:

> Substantial evidence also supported the ALJ's conclusion that Dr. Tangeman's opinion was consistent with other evidence in the record, including: (1) treatment notes and Ramirez's testimony that her symptoms were controlled with medication; (2) Ramirez's testimony that she could take care of kids, do laundry, grocery shop, and watch television, and that she did not have any attention, concentration, understanding, decision-making, or social problems; (3) Dr. Winstanley's opinion that Ramirez could manage appointments, perform complex hand movements, carry out single and multi-step instructions; and (4) Dr. Friedman's opinion that Ramirez had only mild mental limitations and had no deficits in understanding and following short instructions, making simple work-related decisions, and sustaining an ordinary routine.

Doc. 16 at 33. Ramirez's objection does not address any portion of this analysis. Instead, Ramirez again contends that Dr. Tangeman's opinion was limited to the information available prior to February of 2016. As noted above, however, the ALJ took that fact into consideration, and Ramirez has made no argument with respect to evidence produced after that date that would meaningfully impact Dr. Tangeman's opinion. Accordingly, this objection also lacks merit.

In her final two objections, Ramirez contends that the record contained objection evidence and physician observations of symptoms and conditions including diffuse arthralgias, fatigue, malaise, joint pain, chronic pain, migraines, edema, abnormal reflexes, and Raynaud's symptoms in hands and feet. It is this final condition that Ramirez also contends should have resulted in additional limitations in her RFC. Ramirez's final objections, however, are little more than a

repackaging of her first objection. Ramirez does not believe that the observations and opinions of her treating physician should have been discounted. As detailed above, the ALJ and the R&R gave ample reasons for finding that the limitations proposed by the treating physician should not be found to be reliable. Accordingly, Ramirez's final objections also lack merit.

For the reasons stated above, Ramirez's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: September 23, 2019                    /s/ John R. Adams
                                            JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE